Jack Stanislav, J.
Plaintiffs move for summary judgment in a negligence action. The automobile collision, which is the subject of this lawsuit, occurred while the injured plaintiff was a passenger in an automobile driven by her daughter and owned by her daughter’s husband.
In an affidavit made by the injured plaintiff, the reason for the occurrence is described as follows: “ Defendant’s attention was momentarily distracted, she took her eyes off the road and ran into the front vehicle.” The police report, attached to the moving papers, contains the following description of the accident: ‘1 Statement of operator car #1: ‘I was slowing and signaling for a left turn onto De Baun Avenue when I was hit from behind and pushed forward. ’ [Neither the owner nor the *704 driver of car #1 are parties to this action.] Statement of operator car #2: ‘ I was headed west on Rt. 59 when my son said something. I turned around and when I looked backed f sic] there was a car stopped m front of me. I tried to avoid the car but still struck it.” Car No. 2 was owned and driven by defendants herein. Based upon the foregoing, plaintiffs contend there is an admission of negligence and that there are no triable questions of fact on the issue of liability.
In opposition to the motion, plaintiff’s daughter (the driver defendant) states that the police officer was not a witness to the accident, that her statement was misconstrued by the officer, that she' did not turn around to her son in the rear of the car until after the accident and that at no time prior thereto did she take her eyes off the road. The complaint, as well as the bill of particulars, contains several allegations of negligence, particularly with respect to the driver defendant’s operation of the vehicle and alleges freedom from contributory negligence. These allegations are denied in the answer, which contains no affirmative defense. Defendant’s affidavit, however, is silent on the issue of contributory negligence and totally devoid of any other explanation of the occurrence. “ It is incumbent upon a defendant who opposes a motion for summary judgment to assemble, lay bare and reveal his proofs, in order to show that the matters set up in his answer are real and capable of being established upon a trial ” (Di Sabato v. Soffes, 9 A D 2d 297, 301). Thus, even if defendant’s admission of negligence made to the police officer should be totally discredited for the purpose of this motion, her failure to offer any contrary explanation for the collision or to state in what manner, if any, plaintiff’s conduct contributed thereto, leaves no alternative but to conclude that it occurred as alleged by plaintiffs. The motion, therefore, is granted, with respect to the issue of liability. An assessment of damages shall be held at a Trial Term of this court, on October 14, 1968, subject to the Justice presiding (CPLR 3212, subd. [c]).